**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No. 1:19-CR-96-HAB |
| | ) | |
| ARMANDO VONGPHACHANH | ) | |

**OPINION AND ORDER**

Defendant, currently detained and awaiting trial on a single count indictment for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (ECF No. 1), now petitions the Court for reconsideration of the Magistrate Judge's Order of Detention (ECF No. 18) and to remove all conditions of bail following the suppression of evidence seized from the stop of a vehicle he was driving at the time of his arrest.  (ECF No. 46).

The Defendant was arrested on June 9, 2020, and appeared before Magistrate Judge Susan Collins on July 15, 2020, for a detention/arraignment hearing. On that same date, the Magistrate Judge ordered the Defendant detained pending trial. Following the filing of a motion to suppress, an evidentiary hearing on the motion, and the submission of post-hearing briefing, the Court entered an Opinion and Order on June 15, 2021, granting the motion to suppress and excluding all evidence seized from the vehicle the Defendant was driving at the time of his arrest as well as his statements to law enforcement during his custodial interrogation. (ECF No. 44). The case is currently set for trial on July 20, 2021. However, as the Defendant's motion points out, the Government's primary evidence to support the indicted charge has been suppressed by the Court, leaving the Government with scant to no evidence against the Defendant.

Because the Government has not moved to dismiss the indictment, the Defendant remains in detention awaiting trial. Title 18 U.S.C. § 3145(b) permits a defendant to file a motion seeking

review or revocation of a detention order when the defendant has been "ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court [.]" Section 3145(b) does not require that new evidence or information be available before a detention order can be reconsidered and revoked, *id*., and "[t]he standard of review for the district court's review of a magistrate judge's detention . . . order . . . is de novo."

In reviewing a detention order, the Court must determine whether release of a defendant on personal recognizance or an unsecured bond would either (1) not reasonably assure the appearance of the person as required or (2) endanger the safety of another person or the community. 18 U.S.C. § 3142(b). If release would not reasonably assure the appearance of the defendant for trial or the safety of the community, then the Court must consider whether there is some condition or combination of conditions that would so assure the Court. *United States v. Infelise*, 934 F.2d 103, 105 (7th Cir. 1991); *United States v. Torres*, 929 F.2d 291, 292 (7th Cir 1991). The Bail Reform Act (BRA) requires clear and convincing evidence that no conditions will reasonably ensure the safety of any other person or the community to sustain a detention order. 18 U.S.C. § 3142(f); *United States v. Salerno*, 481 U.S. 739 (1987).

Section 3142(g) lists factors the judicial officer considers in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community. These include:

(1)     the nature and circumstances of the offense charged, including whether the offense involves a narcotic drug;

(2)     the weight of the evidence against the person;

(3)     the history and characteristics of the person, including the person's character, family ties, employment, financial resources, length of residence in the community,

community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(4)     the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

*Id.*; *see also* 18 U.S.C. § 3142(g).[1]

At the time of Defendant's arraignment, the Magistrate Judge determined that detention was appropriate under the BRA and cited the strong weight of the Government's evidence, his prior criminal history, his lack of stable employment, and his history of alcohol abuse or substance abuse to justify his pretrial detention. Since that time, the first rationale listed by the Magistrate Judge has dramatically turned. While the weight of the Government's evidence in support of its case in chief was strong at the detention hearing, now that the evidence has been suppressed, the Government's case is relatively weak. The firearm the Defendant is charged with illegally possessing is inadmissible at trial as are any incriminating statements he made in his custodial interview.

Further, a review of the pretrial bond report indicates that the Defendant is a lifelong resident of Fort Wayne with significant family ties in the community. The Defendant has two children by his longtime girlfriend, Madison Thomas, who testified on his behalf at his suppression hearing. Additionally, the Defendant has two other children with whom he maintained daily contact prior to his arrest on the present offense. The Defendant does not appear to pose a flight risk as he has never traveled outside the United States and does not have a passport.

---

[1] Further, while a serious offense, a crime of being a felon in possession of a firearm is not a "crime of violence" for purposes of determining whether defendant may be denied bail pursuant to Bail Reform Act, *United States v. Robinson*, 27 F. Supp. 2d 1116 (S.D. Ind. 1998), and thus, such a charge carries no presumption of detention. *United States v. Baldazo,* No. 2:11 CR 77, 2012 WL 12947283, at *2 (N.D. Ind. Apr. 19, 2012).

The history and characteristics of the Defendant do not convincingly weigh for or against release. While he has no history of physical or mental illness, the Defendant does report prior alcohol and drug use, which is concerning. And, although the Defendant did have some employment history, at the time of his arrest, the Defendant lacked stable employment. What is troubling is the Defendant's criminal history, including his past failures to appear, which weigh against his release. However, none of his criminal history involves violence toward others or to the community at large.

Mindful of all the above, the Court is persuaded that the Defendant should be released as there is no clear and convincing evidence that he poses a threat to the community if he is released, nor is there sufficient evidence that he is a flight risk. The relative absence of evidence against him to support the underlying charge combined with his strong family ties support his release pending trial. The Defendant's Motion for Release is, therefore, GRANTED.

Having determined release to be appropriate, Title 18 U.S.C. § 3142 gives the Court two options when placing a defendant on pretrial release: (1) release on personal recognizance or upon execution of an unsecured appearance bond, under subsection (b); or (2) release on a condition or combination of conditions under subsection (c). 18 U.S.C. § 3142(a). Given the Defendant's request for release from all conditions of bail in his motion, the Court construes Defendant's request as one for release on personal recognizance under § 3142(b). Given the particular circumstances presented here, the same rationale that supports the Defendant's release, likewise supports release on personal recognizance. While § 3142(b) allows the Court to remove nearly all conditions of bail, the statute still requires the imposition of two conditions: (1) that Defendant not commit a Federal, State, or local crime during the period of release; and (2) that Defendant cooperate in the collection of a DNA sample if the collection of such a sample is authorized

pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (34 U.S.C. § 40702).

These two conditions appear to be non-negotiable.

For the foregoing reasons, Defendant's Motion for Reconsideration of Order of Detention and for Release from Conditions of Bail (ECF No. 46) is GRANTED in part. Defendant is hereby released on his personal recognizance under 18 U.S.C. § 3142(b), subject to the following conditions: (1) that Defendant not commit a Federal, State, or local crime during the period of release; and (2) that Defendant cooperate in the collection of a DNA sample if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (34 U.S.C. § 40702).

SO ORDERED on June 30, 2021.

s/ Holly A. Brady
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT